UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ABIGAIL MALDONADO,

              Plaintiff,

              -against-         **REPORT AND RECOMMENDATION**

                                 16-CV-6770 (RJS) (KNF)

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Abigail Maldonado ("Maldonado") commenced this action against the Commissioner of Social Security ("Commissioner"), seeking review of an administrative law judge's ("ALJ") decision, dated February 18, 2015, finding her ineligible for Supplemental Security Income benefits, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The defendant made a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Maldonado's request for an extension of time to retain counsel and respond to the motion was granted by an order directing that counsel file a notice of appearance and Maldonado respond to the defendant's motion, on or before April 25, 2017. No counsel has filed an appearance and the defendant's motion is unopposed.

## ALJ'S DECISION

Maldonado alleged disability beginning June 1, 2008. An administrative hearing was held at which Maldonado testified unrepresented, with the assistance of a Spanish language

1

interpreter. The issue before the ALJ was whether Maldonado is disabled. The ALJ determined that Maldonado: (1) has not engaged in substantial gainful activity since March 16, 2013; (2) has a severe impairment, asymptomatic human immunodeficiency virus ("HIV"); (3) does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 416.967(b); (5) has no past relevant work; (6) was born in 1973; and (7) is not able to communicate in English and is considered in the same way as an individual who is illiterate in English. The ALJ found that transferability of job skills is not an issue because Maldonado does not have past relevant work and, considering her age, education, work experience and residual functional capacity, jobs exist in significant numbers in the national economy that Maldonado can perform.

The ALJ considered Maldonado's treatment records at the San Juan Bautista Medical center, which show that Maldonado's condition is controlled, generally, through medication, her viral load never exceeded seventy-five and, on December 13, 2012, Maldonado's viral load was undetectable. Maldonado's physical examinations at the San Juan Bautista Medical Center were unremarkable, consistently. In 2013, Maldonado was treated at the Lincoln Medical Center and her treatment records show that her viral load was undetectable, consistently, from September 10, 2013, through June 5, 2014. Maldonado's CD4 count was stable, generally, and ranged from thirty-seven percent to forty-three percent. On examination at Lincoln Medical Center, Maldonado exhibited tenderness with respect to her abdomen, neck and head, occasionally, but she was not in acute distress consistently and was alert and oriented. Maldonado testified that she has not experienced any opportunistic infections since the end of 2012, which the record confirms. Maldonado's physicians at the Lincoln Medical Center noted, repeatedly, that she was

2

receiving a daily highly active antiretroviral therapy through her medication regimen and she was compliant with the medication regimen, which should continue because it was working.

The ALJ considered the May 17, 2013 internal medicine consultative examination by Dr. Inessa Svistunova ("Dr. Svistunova"), which was unremarkable. Dr. Svistunova opined that Maldonado had no functional limitations but should avoid crowded places and extreme temperature conditions secondary to her impairment history. The ALJ assigned "good weight" to Dr. Svistunova's opinion because it was based on the results of a thorough examination and is consistent with the weight of the record evidence that Maldonado has asymptomatic HIV. However, the ALJ found that the record is devoid of any evidence substantiating Dr. Sitsunova's opinion that Maldonado must avoid crowded places or extreme temperature conditions; thus, the ALJ did not add these restrictions to Maldonado's residual functional capacity assessment. Nonetheless, the ALJ limited Maldonado to light work because HIV is known to be associated with fatigue. The ALJ determined that Maldonado's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible because the clinical evidence does not substantiate them, including her complaints of chronic tiredness and nightly fevers. The ALJ determined that a finding of not disabled was directed by Medical-Vocational Rule 202.16.

## DEFENDANT'S CONTENTIONS

The defendant contends that the ALJ's decision is supported by substantial evidence and the ALJ assessed, properly, Maldonado's credibility, finding her allegations of complete inability to work not entirely credible based on the extent of Maldonado's daily activities and the record showing that her HIV was controlled by medication, CD4 remained elevated, viral load was undetectable or nearly undetectable and physical examinations were unremarkable, consistently.

According to the defendant, the ALJ's determination of Maldonado's residual functional capacity is supported by substantial evidence, and the ALJ discounted, properly, Dr. Svistunova's opinion that Maldonado should avoid crowded places and temperature extremes secondary to her history of HIV because no evidence exists to support those findings and Maldonado reported she was able to socialize with friends and family, shop, use public transportation, attend church and travel to Puerto Rico. Moreover, the ALJ found correctly and based on Maldonado's age, education, work history and residual functional capacity for light work with no non-exertional limitations that a significant number of unskilled jobs exist in the national economy that Maldonado could perform.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g).

> A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted). "It is not the function of a reviewing court to decide *de novo* whether a claimant was disabled, or to answer in the first instance the inquiries posed by the five-

step analysis set out in the [Social Security Administration] regulations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (internal citation omitted).

Title XVI of the Social Security Act provides benefits to each disabled individual whose income and resources fall below a certain level. See 42 U.S.C. § 1382(a). To qualify for disability benefits, an individual must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.912(a). Social Security Administration regulations establish a five-step process for determining a disability claim. See 20 C.F.R. § 416.920(a)(4).

> If at any step a finding of disability or nondisability can be made, the [Social Security Administration] will not review the claim further. At the first step, the agency will find nondisability unless the claimant shows that he is not working at a "substantial gainful activity." At step two, the [Social Security Administration] will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the [Social Security Administration] assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the [Social Security Administration] to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.
>
> Barnhart v. Thomas, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003) (internal citations omitted).

5

"The applicant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012).

## APPLICATION OF LEGAL STANDARD

Upon review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and the ALJ did not make any error of law in determining Maldonado's claim. Maldonado's medical evidence demonstrates that, despite her asymptomatic HIV, her physical examinations are unremarkable, consistently, her viral count is near undetectable or undetectable and her CD4 count is high, consistently. The ALJ assigned proper weight to medical evidence and rejected, properly, Dr. Svistunova's opinion that Maldonado should avoid crowded places and extreme temperature conditions secondary to her impairment history because it was not supported by any evidence. The ALJ's determination of Maldonado's residual functional capacity is supported by substantial evidence and the ALJ found, properly applying Medical-Vocational Rule 202.16, that, considering Maldonado's age, education, work experience and residual functional capacity, jobs exist in significant numbers in the national economy that Maldonado can perform. Accordingly, affirming the ALJ's decision is warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion, Docket Entry No. 11, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 40 Centre Street, Room 2104, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
      May 15, 2017

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE